765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
KENT L. DAVENPORT, DEFENDANT-APPELLANT.
 NO. 84-3376
 United States Court of Appeals, Sixth Circuit.
 5/9/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal from a jury conviction for armed bank robbery and the sentence imposed by the district court was submitted to the court on briefs, the parties having waived oral argument. The appellant argues that the district court erred in denying his motion to suppress evidence obtained by an FBI agent who searched defendant's apartment pursuant to warrant issued by a state court judge. He contends that the search warrant was issued without a showing of probable cause in that the affidavit which formed the basis of the warrant did not state that the affiant had reason to believe that evidence from the bank robbery would be found on the premises to be searched.
 
 
 2
 We have examined the warrant and the affidavit with care and conclude that the warrant was properly issued on the basis of the affidavit. Where an affidavit for a search warrant is challenged, the reviewing court must interpret the affidavit in a common sense manner and not approach the question of validity of the warrant in a negative or hypertechnical manner. United States v. Ventresca, 380 U.S. 102, 108-109 (1965); United States v. Giacalone, 541 F.2d 508, 514 (6th Cir. 1976) (en banc). When the affidavit and search warrant in the present case are examined in this manner, it is clear to the court that the affidavit did satisfy the requirement of probable cause to search the premises and that due deference to the decision of the reviewing magistrate requires affirmance of the district court's denial of the motion to suppress.
 
 
 3
 The second issue raised on appeal relates to the sentence imposed by the district court. The district court sentenced the defendant to a term of imprisonment, a fine and full restitution to the bank which was robbed. By a separate judgment entry the district court awarded the amount of $31,420 to the victim bank pursuant to 18 U.S.C. Sec. 3579 (1982). This section provides in part:
 
 
 4
 The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except any person who has compensated the victim for such loss to the extent that such person paid the compensation. An order of restitution extent that such person paid the compensation. An order of restitution shall require that all restitution to victims under such order be made before any restitution to any other person under such order is made.
 
 
 5
 18 U.S.c. Sec. 3579(e)(1). In a motion to vacate the order of restitution the defendant requested a hearing on the issue of compensation for the purpose of determining the existence of conditions described in 18 U.S.C. Sec. 3579(e)(1) or the existence of such conditions as would make a restitution order permissible under that statute. It was undenied that the victim bank was insured. The defendant renewed this argument before this court after the district court failed to act on his motion, presumably on the ground that it had lost jurisdiction with the filing of a motice of appeal. The government responded in this court that the loss in the robbery was partly covered by insurance and that the order of restitution should be amended to require the defendant to pay $5,000 to the victim bank and $26,370 to the insurer.
 
 
 6
 Upon consideration this court concludes that the better practice is to vacate the order of restitution and remand the case to the district court to determine the proper application of 18 U.S.C. Sec. 3579(e)(1) after determining who will ultimately suffer the loss represented by the robbery.
 
 
 7
 The conviction of the defendant is affirmed and the sentence is affirmed to the extent that it imposed a term of imprisonment and a fine. That portion of the sentence contained in the separate order of restitution is vacated and this matter is remanded to the district court for further proceedings consistent with this opinion.